**KELLEY DRYE & WARREN LLP**
Sarah L. Reid (SR-4603)
David E. Retter (DR-4014)
Damon W. Suden (DS-8384)
Jennifer A. Christian (JC-7305)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

ATTORNEYS FOR HSBC BANK USA, N.A., AS SUCCESSOR INDENTURE TRUSTEE FOR THE 6% AND 4.75% CONTINGENT CONVERTIBLE NOTEHOLDERS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| CALPINE CORPORATION, et al., | : Case No. 05-60200 (BRL) |
| | : |
| Debtors. | : |
----------------------------------------------------------------x
| | |
|---|---|
| ARISTEIA CAPITAL, L.L.C., | : |
| AURELIUS CAPITAL MANAGEMENT, L.P., | : |
| DRAWBRIDGE SPECIAL OPPORTUNITIES | : |
| ADVISORS LLC, ORE HILL HUB FUND LTD., | : |
| NISSWA MASTER FUND LTD., PINES EDGE | : |
| VALUE INVESTORS LTD., PINES EDGE | : |
| VALUE INVESTORS L.P., SILVER SANDS | : |
| FUND LLC, STARK MASTER FUND LTD., | : |
| 3V CAPITAL MANAGEMENT, LLC, | : |
| BRENCOURT CREDIT OPPORTUNITIES | : |
| MASTER, LTD., BRENCOURT MULTI- | : |
| STRATEGY ENHANCED DEDICATED | : |
| FUND, LP, DILLON READ U.S. FINANCE | : |
| L.P., DILLON READ FINANCIAL PRODUCTS | : |
| TRADING LTD., LINDEN CAPITAL L.P. | : |
| AND ORE HILL HUB FUND, LTD, HSBC BANK | : |
| USA, N.A., AS INDENTURE TRUSTEE FOR | : |
| THE 6% CONVERTIBLE NOTES DUE 2014 | : |
| AND THE 4.75% CONTINGENT | : |
| CONVERTIBLE NOTES DUE 2023, AND | : |
| MANUFACTURERS & TRADERS TRUST | : |
| COMPANY, AS INDENTURE TRUSTEE FOR THE | : |
| 7.75% CONVERTIBLE NOTES, | : |
| | : |
| Appellants, | : |
| | : |

|   |   |
|---|---|
| -against- | : |
|  | : |
| CALPINE CORPORATION AND ITS | : |
| AFFILIATED DEBTORS AND DEBTORS | : |
| IN POSSESSION, OFFICIAL COMMITTEE | : |
| OF UNSECURED CREDITORS OF | : |
| CALPINE CORPORATION, OFFICIAL | : |
| COMMITTEE OF EQUITY SECURITY | : |
| HOLDERS, | : |
|  | : |
| Appellees. | : |
| ------------------------------------------------------------------x |  |

## HSBC'S STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL

HSBC Bank USA, N.A., ("HSBC"), as successor indenture trustee on behalf of the holders of the 6% Contingent Convertible Notes due 2014 (the "6% Contingent Convertible Notes") issued under the Indenture, dated as of August 10, 2000 (the "Original Indenture"), between Calpine Corporation (together with its affiliated debtors and debtors-in-possession, the "Debtors"), as issuer, and Wilmington Trust Company, as predecessor indenture trustee, as supplemented by the Second Supplemental Indenture, dated as of September 30, 2004 (the "Supplemental Indenture," together with the Original Indenture, the "6% Indenture") and as successor indenture trustee on behalf of the holders of the 4.75% Contingent Convertible Notes due 2023 (the "4.75% Contingent Convertible Notes") issued under the Amended and Restated Indenture, dated as of March 12, 2004 (the "4.75% Indenture"), by and through its undersigned counsel, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby provides the (i) statement of the issues to be presented on appeal and (ii) designation of the items to be included in the record on appeal, in connection with its appeal from the Order Granting Debtors' Limited Objection to Convertible Noteholder Claim Nos. 2404, 2821, 2823, 6247, 6249, 6280, 6299 and 6300 (the "Order") entered by the United States Bankruptcy

`
`

Court for the Southern District of New York (Hon. Burton R. Lifland) (the "Bankruptcy Court") on August 10, 2007 [Docket No. 5595].[1]

## I.    STATEMENT OF ISSUES

1. Whether the Bankruptcy Court erred as a matter of law when it entered the Order Granting Debtors' Limited Objection to Convertible Noteholder Claim Nos. 2404, 2821, 2823, 6247, 6249, 6280, 6299 and 6300.

2. Whether the Bankruptcy Court erred as a matter of law in determining that the HSBC's timely-filed proof of claim on account of the 6.00% and 4.75% Contingent Convertible Notes, which included a liquidated claim for principal and interest and a claim for additional unliquidated amounts that may be due or become due under the Notes and the Indenture, and which attached a copy of the Indenture, did not include a claim for breach of the conversion right contained in the Notes as provided in the Indenture (the "Conversion Right").

3. Whether the Bankruptcy Court erred as a matter of law in determining that the supplement to the proof of claim filed by the HSBC, which merely clarified that the original proof of claim for unliquidated amounts included a claim for breach of the Conversion Right, is not an amendment to the proof of claim and did not relate back to the original proof of claim and is therefore time barred, even though the claim relates to the same Indenture and the same transaction.

---

[1] On August 22, 2007 at a hearing before this Court, all appeals from the Order were ordered to be consolidated. A stipulation and order to that effect was submitted to the Court this morning.

4. Whether the Bankruptcy Court erred as a matter of law in determining that allowance of the claim for damages arising from the Debtors' abrogation of the Conversion Right contained in the Indenture should be expunged on equitable grounds.

5. Whether the Bankruptcy Court erred as a matter of law in holding that the Debtors are not liable to the 6.00% and 4.75% Contingent Convertible Noteholders for eliminating the Conversion Right in breach of the Indenture and disallowing the Convertible Noteholders' claim for breach of the Conversion Right.

6. Whether the Bankruptcy Court erred as a matter of law in determining that the claim for damages arising from the Debtors' abrogation of the Conversion Right contained in the Indenture, even if allowable, would be subject to subordination pursuant to Section 510(b) of the Bankruptcy Code.

7. Whether the Bankruptcy Court erred by improperly adjudicating issues not before it and valuing the claims of the 6.00% and 4.75% Contingent Convertible Noteholders as the amount of outstanding principal, plus accrued interest at a rate to be determined by the Bankruptcy Court at the end of the chapter 11 cases and reasonable prepetition indenture trustee fees as provided under the Indenture, and ordering that the 6.00% and 4.75% Contingent Convertible Noteholders were not entitled to claims on account of any breaches of their Indenture (other than breach of the Conversion Right), and "makewhole" or other damages, which claims were neither disputed in the Debtors' Limited Objection nor briefed or argued by the parties.

II.  **DESIGNATION OF RECORD**

HSBC joins in the designation of the record made by the certain holders of the 6.00% Contingent Convertible Notes and the certain holders of the 7.75% Contingent Convertible Notes.

Dated: August 27, 2007
       New York, New York

                              Respectfully submitted,

                              KELLEY DRYE & WARREN LLP

                              By: */s/ Jennifer A. Christian*
                              Sarah L. Reid (SR-4603)
                              David E. Retter (DR-4014)
                              Damon W. Suden (DS-8384)
                              Jennifer A. Christian (JC-7305)
                              101 Park Avenue
                              New York, New York 10178
                              Telephone: (212) 808-7800
                              Facsimile: (212) 808-7897

                              HSBC BANK USA, N.A., AS SUCCESSOR
                              INDENTURE TRUSTEE FOR THE 6% AND
                              4.75% CONTINGENT CONVERTIBLE
                              NOTEHOLDERS