**Please note that this Supplement to Proof of Claim <u>merely supplements</u> Proof of Claim number 2823, the principal and interest amounts of which have been previously allowed by the Stipulation and Order Resolving Claim Numbers 2820, 2821, 2822, 2823, 2824, and 2825 (Doc. No. 3501), and <u>is not intended to, and does not, replace</u> Proof of Claim number 2823.**

**ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2823)
OF HSBC BANK USA, NATIONAL ASSOCIATION, SOLELY AS
SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 4.75% CONTINGENT CONVERTIBLE NOTES DUE 2023**

        1.     This Supplement to Proof of Claim is made and filed in connection with that certain Proof of Claim (the "Original Proof of Claim") filed against Calpine Corporation (the "Debtor") in the above referenced chapter 11 case (the "Case"), dated July 26, 2006 by HSBC Bank USA, National Association ("HSBC"), not in its individual capacity, but solely as successor indenture trustee (the "Indenture Trustee") under that certain Amended and Restated Indenture, dated as of March 12, 2004 (the "Indenture"). Prior to the commencement of the Case, the Debtor issued its 4.75% Contingent Convertible Notes due 2023 (the "4.75% Notes"), as more fully set forth in the Original Proof of Claim.

        2.     On or about January 5, 2007, HSBC, solely in its capacity as Indenture Trustee, and the Debtor, among others, entered into that certain Stipulation and Order, which was so-ordered by the Court on January 30, 2007 (the "Stipulation and Order"), with respect to the Original Proof of Claim, among others, specifically including the portion of the Original Proof of Claim relating to the Indenture and the 4.75% Notes issued thereunder, pursuant to which the parties, including the Indenture Trustee, among other things, stipulated to the allowed claim amount for principal and prepetition accrued interest due on account of the 4.75% Notes, and agreed to resolve the unliquidated claims asserted in the Original Proof of Claim on account of the 4.75% Notes at a later date.

3.    Paragraph 2(d) of the Original Proof of Claim asserts claims in an unliquidated amount for, among other things, "any and all other amounts due or to become due under the Indenture and the [4.75% Notes]".[1]

4.    Paragraph 2(d) of the Original Proof of Claim, solely to the extent relating to the Indenture and the 4.75% Notes issued thereunder, is hereby supplemented by amplifying the description of the then unliquidated claims included therein with respect to the 4.75% Notes so that the Original Proof of Claim provides, in addition to all other claims described therein, (i) the rights provided to the holders of the 4.75% Notes in Article 10 of the Indenture (the "4.75% Notes Conversion Right"), which 4.75% Notes Conversion Right, upon information and belief, was an integral part of the consideration provided in return for the extension of credit to the Debtor evidenced by the 4.75% Notes, (ii) all damages, including any accrued prior to the commencement of the Debtor's Case, arising from any breach of the terms of, and covenants set forth in, the Indenture, including the 4.75% Notes Conversion Right, whenever arising, including all damages arising from the loss, whether pursuant to a plan of reorganization for the Debtor or otherwise, of the 4.75% Notes Conversion Right, and (iii) all rights to receive postpetition interest, charges and other amounts due or coming due under the terms of the Indenture on or after the commencement of the Debtor's Case to the fullest extent chargeable or allowable as against the Debtor or its estate under law or equity.

---

[1]    The purpose of the Supplement is to provide more detail regarding the claims asserted in Paragraph 2(d) with respect to the 4.75% Notes. All of the claims described herein arise from and relate to the 4.75% Notes and arise under the Indenture or from a breach thereof, and were subsumed and included within the Original Proof of Claim.

ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2823)
OF HSBC BANK USA, NATIONAL ASSOCIATION, SOLELY AS
SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 4.75% CONTINGENT CONVERTIBLE NOTES DUE 2023
(CASE NO. 05-60200)

5.    Nothing in this Supplement is intended to, nor should it be construed to, narrow the scope of or impair the Original Proof of Claim or the Stipulation and Order, each of which remains in full force and effect.  The portions of the Original Proof of Claim relating to the Indenture and the 4.75% Notes issued thereunder are hereby incorporated herein by reference thereto.

6.    A copy of the Original Proof of Claim is attached hereto for convenience as Exhibit A.

7.    All notices and communications concerning this Supplement to Proof of Claim should be addressed to the Indenture Trustee and its counsel at the addresses provided in the Original Proof of Claim.

Dated:  March 28, 2007

HSBC Bank USA, National Association,
not in its individual capacity but solely as
Indenture Trustee for the 4.75% Notes

By: _Sandra E. Horwitz_
Name:  Sandra E. Horwitz
Title:   Vice President

3
ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2823)
OF HSBC BANK USA, NATIONAL ASSOCIATION, SOLELY AS
SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 4.75% CONTINGENT CONVERTIBLE NOTES DUE 2023
(CASE NO. 05-60200)

**EXHIBIT A**

| United States Bankruptcy Court<br>Southern District of New York | PROOF OF CLAIM |
|---|---|

| In re (Name of Debtor)<br>Calpine Corporation | Case Number:<br>05-60200 (BRL) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.
A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or entity to whom the debtor owes money or property)*<br>HSBC Bank USA, National Association, as successor Indenture Trustee |
|---|

Name and Addresses Where Notices Should be Sent

HSBC Bank USA, N.A.                  Kelley Drye & Warren LLP
452 Fifth Avenue                     101 Park Avenue
New York, NY 10018-2706              New York, New York 10178
Attn: Ms. Sandra E. Horwitz         Attn: David E. Retter, Esq.
Vice President                      Christena A. Lambrianakos, Esq.
(212) 525-1358                      (212) 808-7800

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
Amended and Restated Indenture, dated as of March 12, 2004, pursuant to which $633,775,000 aggregate principal amount of Calpine Corporation's 4.75% Contingent Convertible Notes Due 2023 were issued and remain outstanding. (See Attachment.)

Check here if this claim: ☐ replaces    a previously filed claim, dated: _____
                         ☐ amends

**1. BASIS FOR CLAIM:**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (Describe briefly) (See Attachment.)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your social security number _____
  Unpaid compensations for services performed
  From _____ to _____
       (date)      (date)

| 2. DATE DEBT WAS INCURRED: on or about March 12, 2004 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM
Attach evidence of perfection of security interest.
Brief Description of Collateral:

☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)
Amount of arrearage and other charges included in secured claim above,
if any $

☒ UNSECURED NONPRIORITY CLAIM  $636,701,808.16*
A claim is unsecured if there is no collateral or lien on property of the
debtor securing the claim or to the extent that the value of such property is
less than the amount of the claim.
*Plus additional interest, Trustee Expenses and all other amounts due
under the Indenture, the Notes, at law or in equity. (See Attachment.)

☐ UNSECURED PRIORITY CLAIM $_____

Specify the priority of the claim.
- ☐ Wages, salaries, or commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
- ☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services of personal, family, or household use—11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
- ☐ Other—11 U.S.C. §§ 507(a)

**5.** TOTAL AMOUNT OF
CLAIM AT TIME      $636,701,808.16*      $_____      $_____      $636,701,808.16* (See Attachment.)
CASE FILED:        (Unsecured)           (Secured)       (Priority)      (Total)

*Plus additional interest, Trustee Expenses and all other amounts due. (See Attachment.)
☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6.** CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.
**This claim is not subject to any setoff or counterclaim.**

THIS SPACE IS FOR COURT USE ONLY

**7.** SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8.** TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br><br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>x *Sandra G Norwitz*                     , Sandra E. Horwitz, Vice President |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NJ01/LAMBC/108554.1

ATTACHMENT TO PROOF OF CLAIM OF
HSBC BANK USA, AS SUCCESSOR INDENTURE TRUSTEE

1.      BASIS FOR CLAIM

HSBC Bank USA, National Association ("HSBC") is the successor Indenture

Trustee, under the Amended and Restated Indenture, dated as of March 12, 2004 (the

"Indenture"), between Calpine Corporation (the "Company"), as Issuer, and Wilmington Trust

Company, as predecessor Indenture Trustee (the "Predecessor Indenture Trustee" and together

with HSBC, collectively, the "Indenture Trustees"), pursuant to which the Company issued

$900,000,000 aggregate principal amount of its 4.75% Contingent Convertible Notes Due 2023

(the "Notes").  A copy of the Indenture is annexed hereto as Exhibit A, and all provisions of the

Notes and the Indenture are expressly incorporated herein by reference.

2.      TOTAL AMOUNT OF CLAIM AT TIME CASE FILED

On December 20, 2005 (the "Petition Date"), the Company filed with this Court a

petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

As of the Petition Date, the Company was, and still is, indebted to HSBC, as Indenture Trustee,

in the following amounts:

(a)      Principal Amount:  $633,775,000.00.

(b)      Interest:

(i)      $2,926,808.16 accrued unpaid interest to the Petition Date;

(ii)      plus accrued unpaid interest from the Petition Date at the rate of
interest borne by the Notes; and

(iii)      interest on overdue principal and interest on overdue installments
of interest and other amounts owing, if any, to the extent lawful, at
the rate borne by the Notes.

(c)      Trustee Expenses:

The Company is obligated to the Indenture Trustees for all amounts due and to become due to the Indenture Trustees for their compensation for services and for all reasonable disbursements, advances and expenses incurred by the Indenture Trustees, including, but not limited to, the compensation and out-of-pocket disbursements and expenses of the Indenture Trustees' agents and counsel, under Section 7.07 of the Indenture ("Trustee Expenses"), and for all other amounts, including, without limitation, indemnification obligations, due or to become due to the Indenture Trustees under Section 7.07 of the Indenture. The Indenture Trustees have incurred Trustee Expenses prior to the Petition Date and continue to incur Trustee Expenses from and after the Petition Date, which amounts are not fixed at this time but constitute a part of this claim.

      (d)    Other Unliquidated Amounts:

The Company is obligated to HSBC, as Indenture Trustee, for any and all other amounts due or to become due under the Indenture and the Notes, whether now due or hereafter arising, which amounts may, presently, be unliquidated or contingent, but may become fixed and liquidated in the future, including, but not limited to, amounts as or for interest, liquidated damages, optional or mandatory redemptions, redemption premiums, redemption prices, expenses, indemnities, compensatory, secondary and/or punitive damages, and all compensation obligations, including, but not limited to, compensation obligations to the paying agent and registrar, all present or future stamp, court, documentary, excise or property taxes, charges or similar levies, the holders' rights to require the Company to purchase the Notes in connection with a change of control and/or asset sales, and any and all payment obligations of, or relating to, any other or additional amounts, any registration obligations under the Registration Rights Agreement dated September 5, 1997, between the Company and Credit Suisse First Boston

Corporation, the Indenture covenants limiting Liens, Sale and Leaseback Transactions, and Issuance of Additional Notes, and change of control payments, asset sales and excess proceeds, all as defined and described in the Notes and the Indenture.

3.    INQUIRY NOTICE

This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due under the Notes or the Indenture, the provisions each of which are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim, and all interested parties are on notice of, and advised to examine the provisions of, the Notes and the Indenture.

4.    RESERVATION OF RIGHTS

HSBC does not waive, and expressly reserves, all rights and remedies at law or in equity that HSBC, individually or as Indenture Trustee (including the Predecessor Indenture Trustee), has or may have against the Company and/or any of the Company's affiliates and subsidiaries, or any other person or entity, including, without limitation, rights against the holders of the Notes (the "Noteholders"). HSBC reserves the right to amend or supplement this claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim.

5.    JURISDICTION

In filing the within claim, HSBC does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Indenture and the Notes, and does not consent to the jurisdiction of

NJ01/LAMBC/108554.1

this Court to adjudicate any other matter relating to the Indenture or the rights and remedies of the Indenture Trustees and/or the Noteholders, including, without limitation, any adjudication concerning the charging lien and other lien rights granted to the Indenture Trustees, and/or priority in payment accorded to the Indenture Trustees, pursuant to the Indenture and related documents in connection with the issuance of the Notes described herein.

[A copy of Exhibit A is attached to Proof of Claim No. 2823, and is not attached hereto due to its volume, but is incorporated herein in its entirety by reference.]

**3**

KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
David E. Retter (DR 4041)
Jennifer Christian (JC 7305)

Counsel for HSBC Bank USA, National
Association, as Successor Indenture Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| Calpine Corporation, <u>et al</u>. | ) |
| | ) Case No. 05-06200 (BRL) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

<u>**NOTICE OF FILING OF AMENDED SUPPLEMENT TO PROOF OF CLAIM NO. 2823**</u>

**PLEASE TAKE NOTICE** that on the 22nd day of May 2007, HSBC Bank USA,

National Association, as Successor Indenture Trustee, caused to be filed with the United States

Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House,

One Bowling Green, New York, New York 10004, the Amended Supplement to Proof of Claim

No. 2823 annexed hereto as Exhibit A.

Dated: May 23, 2007
    New York, New York

                KELLEY DRYE & WARREN LLP

                By: <u>*/s/ Jennifer Christian*</u>
                David E. Retter (DR 4041)
                Jennifer Christian (JC 7305)
                101 Park Avenue
                New York, New York 10178
                Telephone: (212) 808-7800
                Facsimile: (212) 808-7897

                Counsel for HSBC Bank USA, National
                Association, as Successor Indenture Trustee

# EXHIBIT A

| United States Bankruptcy Court<br>Southern District of New York | PROOF OF CLAIM |
|---|---|

**In re (Name of Debtor)**
**Calpine Corporation**

**Case Number:**
**05-60200 (BRL)**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** *(The person or entity to whom the debtor owes money or property)*

**HSBC Bank USA, National Association, as successor Indenture Trustee**

**Name and Addresses Where Notices Should be Sent**

HSBC Bank USA, N.A.
452 Fifth Avenue
New York, NY 10018-2706
Attn: Ms. Sandra E. Horwitz
Vice President
(212) 525-1358

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Attn: David E. Retter, Esq.
Jennifer Christian, Esq.
(212) 808-7800

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**
Amended and Restated Indenture, dated as of March 12, 2004, pursuant to which $633,775,000 aggregate principal amount of Calpine Corporation's 4.75% Contingent Convertible Notes due 2023 were issued and remain outstanding. (See Attachments.)

Check here if this claim: ☒ replaces
☐ amends
☒ supplements
a previously filed claim, dated: 3/28/07 (No. 6249)
a previously filed claim, dated: 7/26/06 (No. 2823)

**1. BASIS FOR CLAIM:**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Describe briefly) (See Attachments.)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
From _____ to _____
(date)    (date)

**2. DATE DEBT WAS INCURRED: on or about March 12, 2004**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM
Attach evidence of perfection of security interest.
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)
Amount of arrearage and other charges included in secured claim above, if any $

☒ UNSECURED NONPRIORITY CLAIM $ Unliquidated*
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

*The unliquidated portions of Claim No. 2823 include, but are not limited to, additional interest, conversion rights, Trustee Expenses and all other amounts due under the Indenture, the Notes, at law or in equity. (See Attachments.)

☐ UNSECURED PRIORITY CLAIM $_____; Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)

☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services of personal, family, or household use—11 U.S.C. § 507(a)(6)

☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)

☐ Other—11 U.S.C. §§ 507(a)

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| $ Unliquidated* | $ | $ | $ Unliquidated* |
|---|---|---|---|
| (Unsecured) | (Secured) | (Priority) | (Total) |

* The unliquidated portions of Claim No. 2823 include, but are not limited to, additional interest, conversion rights, Trustee Expenses and all other amounts due. (See Attachments.)

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.
This claim is not subject to any setoff or counterclaim.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date:
May 21, 2007

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
X *Sandra E. Horwitz* , Sandra E. Horwitz, Vice President

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Please note that this Amended Supplement to Proof of Claim (i) replaces and restates Proof of Claim number 6249 in its entirety, and (ii) **merely supplements** Proof of Claim number 2823, the principal and interest amounts of which have been previously allowed by the Stipulation and Order Resolving Claim Numbers 2820, 2821, 2822, 2823, 2824, and 2825 (Doc. No. 3501), and **is not intended to, and does not, replace** Proof of Claim number 2823.

**ATTACHMENT TO AMENDED SUPPLEMENT TO PROOF OF CLAIM
(NO. 2823) OF HSBC BANK USA, NATIONAL ASSOCIATION, SOLELY
AS SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 4.75% CONTINGENT CONVERTIBLE NOTES DUE 2023**

      1.     This Amended Supplement to Proof of Claim is made and filed in connection with that certain Proof of Claim (the "Original Proof of Claim") filed against Calpine Corporation (the "Debtor") in the above referenced chapter 11 case (the "Case"), dated July 26, 2006 by HSBC Bank USA, National Association ("HSBC"), not in its individual capacity, but solely as successor indenture trustee (the "Indenture Trustee") under that certain Amended and Restated Indenture, dated as of March 12, 2004 (the "Indenture"). Prior to the commencement of the Case, the Debtor issued its 4.75% Contingent Convertible Notes due 2023 (the "4.75% Notes"), as more fully set forth in the Original Proof of Claim.

      2.     On or about January 5, 2007, HSBC, solely in its capacity as Indenture Trustee, and the Debtor, among others, entered into that certain Stipulation and Order, which was so-ordered by the Court on January 30, 2007 (the "Stipulation and Order"), with respect to the Original Proof of Claim, among others, specifically including the portion of the Original Proof of Claim relating to the Indenture and the 4.75% Notes issued thereunder, pursuant to which the parties, including the Indenture Trustee, among other things, stipulated to the allowed claim amount for principal and prepetition accrued interest due on account of the 4.75% Notes, and agreed to resolve the unliquidated claims asserted in the Original Proof of Claim on account of the 4.75% Notes at a later date.

3.     Paragraph 2(d) of the Original Proof of Claim asserts claims in an unliquidated amount for, among other things, "any and all other amounts due or to become due under the Indenture and the [4.75% Notes]".[1]

4.     Paragraph 2(d) of the Original Proof of Claim, solely to the extent relating to the Indenture and the 4.75% Notes issued thereunder, is hereby supplemented by amplifying the description of the then unliquidated claims included therein with respect to the 4.75% Notes so that the Original Proof of Claim provides, in addition to all other claims described therein, (i) the rights provided to the holders of the 4.75% Notes in Article 10 of the Indenture (the "4.75% Notes Conversion Right"), which 4.75% Notes Conversion Right, upon information and belief, was an integral part of the consideration provided in return for the extension of credit to the Debtor evidenced by the 4.75% Notes, (ii) all damages, including any accrued prior to the commencement of the Debtor's Case, arising from any breach of the terms of, and covenants set forth in, the Indenture, including the 4.75% Notes Conversion Right, whenever arising, including all damages arising from the loss, whether pursuant to a plan of reorganization for the Debtor or otherwise, of the 4.75% Notes Conversion Right, and (iii) all rights to receive postpetition interest, charges and other amounts due or coming due under the terms of the Indenture on or after the commencement of the Debtor's Case to the fullest extent chargeable or allowable as against the Debtor or its estate under law or equity.

---

[1]     The purpose of this Amended Supplement is to provide more detail regarding the unliquidated claims asserted in Paragraph 2(d) with respect to the 4.75% Notes. All of the claims described herein arise from and relate to the 4.75% Notes and arise under the Indenture or from a breach thereof, and were subsumed and included within the Original Proof of Claim.

ATTACHMENT TO AMENDED SUPPLEMENT TO PROOF OF CLAIM
(NO. 2823) OF HSBC BANK USA, NATIONAL ASSOCIATION, SOLELY
AS SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 4.75% CONTINGENT CONVERTIBLE NOTES DUE 2023
(CASE NO. 05-60200)

5.    On March 28, 2007, HSBC, solely in its capacity as Indenture Trustee, filed a Supplement to Proof of Claim (the "Original Supplement").  At the request of the Debtor, HSBC files this Amended Supplement to Proof of Claim.  This Amended Supplement to Proof of Claim replaces and restates the Original Supplement (*i.e.*, Claim No. 6249) in its entirety.

6.    Nothing in this Amended Supplement is intended to, nor should it be construed to, narrow the scope of or impair the Original Proof of Claim or the Stipulation and Order, each of which remains in full force and effect.  The portions of the Original Proof of Claim relating to the Indenture and the 4.75% Notes issued thereunder are hereby incorporated herein by reference thereto.

7.    A copy of the Original Proof of Claim is attached hereto for convenience as Exhibit A.

8.    All notices and communications concerning this Amended Supplement to Proof of Claim should be addressed to the Indenture Trustee and its counsel at the addresses provided in the Original Proof of Claim.

Dated:  May 21, 2007

HSBC Bank USA, National Association,
not in its individual capacity but solely as
Indenture Trustee for the 4.75% Notes

By: */s/ Sandra E. Horwitz*
Name:  Sandra E. Horwitz
Title:   Vice President

3

**EXHIBIT A**

| United States Bankruptcy Court<br>Southern District of New York | PROOF OF CLAIM |
|---|---|

| In re (Name of Debtor):<br>Calpine Corporation | Case Number:<br>05-60200 (BRL) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.
A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
(The person or entity to whom the debtor owes money or property)
HSBC Bank USA, National Association, as successor Indenture Trustee

**Name and Address Where Notices Should be Sent**

| HSBC Bank USA, N.A.<br>452 Fifth Avenue<br>New York, NY 10018-2706<br>Attn: Ms. Sandra E. Horwitz<br>Vice President<br>(212) 525-1358 | Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: David E. Retter, Esq.<br>Christian A. Lambrianakos, Esq.<br>(212) 808-7800 |
|---|---|

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
Amended and Restated Indenture, dated as of March 12, 2004, pursuant to which $633,775,000 aggregate principal amount of Calpine Corporation's 4.75% Contingent Convertible Notes Due 2023 were issued and remain outstanding. (See Attachment.)

Check here if this claim:  ☐ replaces     a previously filed claim, dated: _____
                          ☐ amends

**1. BASIS FOR CLAIM:**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Describe briefly) (See Attachment.)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
    Your social security number _____
    Unpaid compensations for services performed
    From _____ to _____
          (date)       (date)

**2. DATE DEBT WAS INCURRED:** On or about March 12, 2004

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4.** CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM
Attach evidence of perfection of security interest.
Brief Description of Collateral:

☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)
Amount of arrearage and other charges included in secured claim above, if any $

☒ UNSECURED NONPRIORITY CLAIM $636,781,806.16*
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.
*Plus additional interest, Trustee Expenses and all other amounts due under the Indenture, the Notes, at law or in equity. (See Attachment.)

☐ UNSECURED PRIORITY CLAIM $_____
Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4).
☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services of personal, family, or household use—11 U.S.C. § 507(a)(6).
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8).
☐ Other—11 U.S.C. §§ 507(a)

**5.** TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:

| $636,781,806.16* | $ | $ | $636,781,806.16* (See Attachment.) |
|---|---|---|---|
| (Unsecured) | (Secured) | (Priority) | (Total) |

*Plus additional interest, Trustee Expenses and all other amounts due. (See Attachment.)
☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6.** CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.
This claim is not subject to any setoff or counterclaim.

THIS SPACE IS FOR COURT USE ONLY

**7.** SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8.** TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br>July 26, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>x _Sandra E. Horwitz_ _____ Sandra E. Horwitz, Vice President |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NJ01/LAMBC/108554.1

ATTACHMENT TO PROOF OF CLAIM OF
**HSBC BANK USA, AS SUCCESSOR INDENTURE TRUSTEE**

1.    BASIS FOR CLAIM

HSBC Bank USA, National Association ("HSBC") is the successor Indenture Trustee, under the Amended and Restated Indenture, dated as of March 12, 2004 (the "Indenture"), between Calpine Corporation (the "Company"), as Issuer, and Wilmington Trust Company, as predecessor Indenture Trustee (the "Predecessor Indenture Trustee" and together with HSBC, collectively, the "Indenture Trustees"), pursuant to which the Company issued $900,000,000 aggregate principal amount of its 4.75% Contingent Convertible Notes Due 2023 (the "Notes"). A copy of the Indenture is annexed hereto as Exhibit A, and all provisions of the Notes and the Indenture are expressly incorporated herein by reference.

2.    TOTAL AMOUNT OF CLAIM AT TIME CASE FILED

On December 20, 2005 (the "Petition Date"), the Company filed with this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* As of the Petition Date, the Company was, and still is, indebted to HSBC, as Indenture Trustee, in the following amounts:

    (a)    Principal Amount: $633,775,000.00.

    (b)    Interest:

        (i)    $2,926,808.16 accrued unpaid interest to the Petition Date;

        (ii)    plus accrued unpaid interest from the Petition Date at the rate of interest borne by the Notes; and

        (iii)    interest on overdue principal and interest on overdue installments of interest and other amounts owing, if any, to the extent lawful, at the rate borne by the Notes.

    (c)    Trustee Expenses:

The Company is obligated to the Indenture Trustees for all amounts due and to become due to the Indenture Trustees for their compensation for services and for all reasonable disbursements, advances and expenses incurred by the Indenture Trustees, including, but not limited to, the compensation and out-of-pocket disbursements and expenses of the Indenture Trustees' agents and counsel, under Section 7.07 of the Indenture ("Trustee Expenses"), and for all other amounts, including, without limitation, indemnification obligations, due or to become due to the Indenture Trustees under Section 7.07 of the Indenture. The Indenture Trustees have incurred Trustee Expenses prior to the Petition Date and continue to incur Trustee Expenses from and after the Petition Date, which amounts are not fixed at this time but constitute a part of this claim.

      (d)     Other Unliquidated Amounts:

The Company is obligated to HSBC, as Indenture Trustee, for any and all other amounts due or to become due under the Indenture and the Notes, whether now due or hereafter arising, which amounts may, presently, be unliquidated or contingent, but may become fixed and liquidated in the future, including, but not limited to, amounts as or for interest, liquidated damages, optional or mandatory redemptions, redemption premiums, redemption prices, expenses, indemnities, compensatory, secondary and/or punitive damages, and all compensation obligations, including, but not limited to, compensation obligations to the paying agent and registrar, all present or future stamp, court, documentary, excise or property taxes, charges or similar levies, the holders' rights to require the Company to purchase the Notes in connection with a change of control and/or asset sales, and any and all payment obligations of, or relating to, any other or additional amounts, any registration obligations under the Registration Rights Agreement dated September 5, 1997, between the Company and Credit Suisse First Boston

Corporation, the Indenture covenants limiting Liens, Sale and Leaseback Transactions, and Issuance of Additional Notes, and change of control payments, asset sales and excess proceeds, all as defined and described in the Notes and the Indenture.

3.     INQUIRY NOTICE

This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due under the Notes or the Indenture, the provisions each of which are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim, and all interested parties are on notice of, and advised to examine the provisions of, the Notes and the Indenture.

4.     RESERVATION OF RIGHTS

HSBC does not waive, and expressly reserves, all rights and remedies at law or in equity that HSBC, individually or as Indenture Trustee (including the Predecessor Indenture Trustee), has or may have against the Company and/or any of the Company's affiliates and subsidiaries, or any other person or entity, including, without limitation, rights against the holders of the Notes (the "Noteholders"). HSBC reserves the right to amend or supplement this claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim.

5.     JURISDICTION

In filing the within claim, HSBC does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Indenture and the Notes, and does not consent to the jurisdiction of

1001/LAMBC/108554.1

this Court to adjudicate any other matter relating to the Indenture or the rights and remedies of the Indenture Trustees and/or the Noteholders, including, without limitation, any adjudication concerning the charging lien and other lien rights granted to the Indenture Trustees, and/or priority in payment accorded to the Indenture Trustees, pursuant to the Indenture and related documents in connection with the issuance of the Notes described herein.

[A copy of Exhibit A is attached to Proof of Claim No. 2823, and is not attached hereto due to its volume, but is incorporated herein in its entirety by reference.]