# **EXHIBIT 3**

| | |
|---|---|
| **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**<br>One Chase Manhattan Plaza<br>New York, New York 10005<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219 | **STROOCK & STROOCK & LAVAN LLP**<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006 |

August 10, 2007

**BY HAND DELIVERY**

The Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

Re: In re Calpine Corporation, et al., Chapter 11 Case No. 05-60200 (BRL); Proposed Form of Order Regarding Limited Objection to Contingent Convertible Notes

Dear Judge Lifland:

As Your Honor may recall, the undersigned represent certain beneficial holders, or managers of accounts that are beneficial holders (the "Noteholders"), of either or both of the (a) 6% Contingent Convertible Notes Due 2014 (the "6% Note") and (b) 7-3/4% Contingent Convertible Notes Due 2015 (the "7-3/4% Note" and, together with the 6% Note, the "Notes") issued by Debtor Calpine Corporation (the "Debtor"). We write to inform you that we do not believe the proposed form of order the Debtor (the "Debtor's Proposed Order") submitted earlier today accurately reflects Your Honor's ruling of August, 8, 2007, with respect to the Debtor's limited objection to claims asserted under certain convertible notes, including the Notes. We believe, as corroborated by the Debtor's substantive arguments in its pleadings and in Court, that the Court's ruling disallowed claims asserted for breach of the "conversion right" under the convertible indentures.[1] The Debtor's Proposed Order goes well beyond Your Honor's ruling and improperly attempts to extinguish claims not joined at the hearing.

---

[1] As Your Honor is well aware, the Debtor's (and other parties to the claim objection) arguments in Court and in their pleadings solely focused on whether the holders of the convertible notes were entitled to a claim on account of a breach by the Debtor of the right to convert the notes into

    Specfically, the Debtor's Proposed Order attempts, in relevant part, to extinguish any and all claims of the Noteholders in excess of outstanding principal, accrued interest and reasonable prepetition indenture trustee fees as provided under the indentures. (Proposed Order, ¶¶ 2-3). We respectfully submit, however, that Your Honor's ruling disallowed alleged "new claims" as untimely filed claims and "even were the new claims allowed as timely amendments the claims for damages on account of the conversion rights under the indenture would be disallowed or at best subordinated." (Transcript at 101: 25 – 102: 1-5, August 8, 2007).

    We submit that Your Honor was clear in your ruling as to what claims were being disallowed. Your Honor ruled that "on March, April and May of 2007 the indenture[] trustees for the convertible notes filed 'supplemental' proofs of claims seeking in addition to repayment of outstanding principal and accrued interest damages for **'any breach' of the conversion rights**, collectively the new claims." (Transcript at 96: 4-9, August 8, 2007) (emphasis added). We believe the ruling properly focused on the only claims briefed and properly at issue – the claims asserted on account of the conversion right. Throughout the ruling, Your Honor focused and referenced the new claims as pertaining only to the conversion rights. We submit that was indeed the focus and scope of the issues before you for adjudication at the hearing. The Debtor, however, is trying to broaden the issue properly brought before you and extinguish all of the noteholders' claims in excess of principal and interest (plus indenture trustee fees and expenses). Indeed, at the end of the ruling, the Court directed that the Debtor "settle an order consistent with this decision." (Transcript at 102: 8-9, August 8, 2007). The Debtor has not complied with that direction.

---

  common stock. Furthermore, in the Debtor's omnibus reply in support of its objection (Docket No. 5540), the Debtor asserts that the Noteholders raise in its reply "for the first time" even more "new" claims (e.g., a damage claim for lost interest on account of a breach of the no-call provision) that are, according to the Debtor, not even filed (a contention the Noteholders dispute because the original proof of claim covered these claims) or before the Court. This also clearly illustrates that the Debtor's objection was limited to the alleged "new claims" asserted on account of the conversion right, and did not deal with the other accruals and claims, such as original issue discount accretions and compensation for lost interest.

        Accordingly, attached is a proposed form of order we respectfully submit accurately reflects Your Honor's August 8, 2007, ruling.  We respectfully request that Your Honor schedule a chambers' conference to discuss this matter in further detail.

                                                    Respectfully submitted,

Matthew S. Barr                                       Kristopher M. Hansen
6% Noteholders' counsel                        7-3/4% Noteholders' counsel

cc:     Marc Kieselstein, Esq. (by e-mail)
        Edward Sassower, Esq. (by e-mail)
        Catherine Peshkin, Esq. (by e-mail)
        Phil Dublin, Esq. (by e-mail)
        Gary Kaplan, Esq. (by e-mail)
        Ian Fredericks, Esq. (by e-mial)
        Jennifer Christian, Esq. (by e-mail and facsimile)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Calpine Corporation, et al.,<br><br>            Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 05-60200 (BRL) <br> ) Jointly Administered <br> ) |

**ORDER GRANTING DEBTORS' LIMITED OBJECTION TO CONVERTIBLE NOTEHOLDER CLAIM NOS. 2404, 2821, 2823, 6247, 6249, 6280, 6299 AND 6300**

Upon the Objection (the "Objection")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an Order disallowing the New Claims [Docket No. 5206], as more fully described in the Objection; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of the Objection and the opportunity for a hearing on the Objection were appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Objection is granted to the extent provided in this Order.

2. Claim numbers 2404, 2821, 2823, 6247, 6249, 6280, 6299 and 6300 are disallowed solely to the extent that such claims request amounts for breach of conversion rights.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

4.  The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

5.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: August ___, 2007

_____
United States Bankruptcy Judge