**EXHIBIT 4**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Edward O. Sassower
To Call Writer Directly:
212-446-4733
esassower@kirkland.com

Facsimile:
(212) 446-4900

August 10, 2007

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York  10004-1408

Re: *Calpine Corp., et al.*, Ch. 11 Case No. 05-60200 (BRL)

Dear Judge Lifland:

The above-captioned Debtors write on behalf of themselves and the statutory committees of unsecured creditors and equity security holders (collectively, the "Committees") regarding the proposed form of order submitted in connection with the Court's ruling at the August 8, 2007 hearing (the "Hearing") on the Debtors' Limited Objection to Convertible Noteholder Claim Nos. 2404, 2821, 2823, 6247, 6249, 6280, 6299 and 6300 (the "Objection"). Although the parties have attempted to obtain consensus on an agreed order, they have not been able to do so. Accordingly, the Debtors, with the Committee's support, submit herewith their proposed form of order. The Debtors have informed the Noteholders of this submission and have been informed that the Noteholders will submit their own competing form of order today.

Notably, the Debtors' proposed form of order is the same as the form of order originally attached to the Objection, but revised to: (i) address HSBC's comment regarding treatment of indenture trustee fees; and (ii) refer to the Court's ruling. Specifically, the Debtors' proposed form of order grants the Objection in full and denies any claims of the Noteholders' beyond claims for principal and interest. The Noteholders, on the other hand, believe the Court's ruling pertained only to certain of their creative arguments but preserves the Noteholders' right to make further creative arguments. Accordingly, the Noteholders seek to limit the scope of the relief granted to denial of the Noteholders' claims for breach of "conversion rights."

The Debtors and the Committees believe the Debtors' proposed form of order accurately reflects the relief requested in the Objection and granted at the Hearing. In the Objection, the Debtors requested the following relief:

> The Debtors object to the New Claims on the basis that they were not timely filed. To the extent the Court allows the Noteholders to

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

K&E 12027094.1

KIRKLAND & ELLIS LLP

Honorable Burton R. Lifland
August 10, 2007
Page 2

> pursue their New Claims, the Debtors object to the New Claims to the extent they seek payment beyond Principal and Interest. Accordingly, the Debtors respectfully request that the Court, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, grant the Debtors' Objection and disallow the Convertible Noteholders' claims to the extent they seek amounts beyond Principal and Interest.

Objection at 13-14.  T

    The Debtors' proposed a form of order tracks the Objection and provides that the Objection is granted in full and that

> Claim numbers 2404, 2821, 2823, 6247, 6249, 6280, 6299 and 6300 are disallowed to the extent that such claims request amounts beyond the Repayment Amounts (as defined below).

> Pursuant to section 502(c) of the Federal Rules of Bankruptcy Procedure, the value of the New Claims is determined as the amount of outstanding principal, plus accrued interest at a rate to be determined by the Court at the end of the Chapter 11 Cases and reasonable prepetition indenture trustee fees as provided under the Indentures (collectively, the "Repayment Amounts").  For the purposes of clarity, the Repayment Amounts shall not include any actual or potential claims, premiums or penalties related to any contract defaults or damages.

Order ¶¶ 2-3.

    For the reasons stated above and at the Hearing, the Debtors respectfully request that the Court enter an order in the form submitted herewith.  The Debtors are, of course, available by telephone if the Court wishes to discuss this matter further.

                            Sincerely,

                            /s/ Edward O. Sassower

                            Edward O. Sassower

K&E 12027094.1

# KIRKLAND & ELLIS LLP

Honorable Burton R. Lifland
August 10, 2007
Page 3

cc:   VIA ELECTRONIC MAIL
      Philip C. Dublin, Esq., counsel for the statutory committee of unsecured creditors
      Michael S. Stamer, Esq., counsel for the statutory committee of unsecured creditors
      Lisa G. Beckerman, Esq., counsel for the statutory committee of unsecured creditors
      Gary Kaplan, Esq., counsel for the statutory committee of equity security holders
      Kristopher Hansen, Esq., counsel for certain 7.75% Noteholders
      Dennis F. Dunne, Esq., counsel for certain 6% Noteholders
      Matthew Barr, Esq., counsel for certain 6% Noteholders
      Ian Fredericks, Esq., counsel for Manufacturers & Traders Trust Company, as Indenture Trustee
      Jennifer Christian, Esq., counsel for HSBC Bank USA, as Indenture Trustee

K&E 12027094.1